COPY



775

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. A. Taylor
County Auditor
Brazoria County
Angleton, Texas

Dear Mr. Taylor:

Opinion No. O-4779
Re: Where judgment foreclosing
tax lien on real property for
certain years was rendered
prior to May 13, 1937, the
effective date of Article
7345b, V.A.C.S., and sale
thereunder made to private
purchaser, taxes delinquent
for prior years, not included
in such judgment, remain a
lien on the property. The lien
also exists for those years for
which the property was not assessed.

In your letter of August 12, 1942, you submit
the following for our opinion:

"A tract of land owned by an individual is
delinquent to State and County for a number of years prior
to the year 1932. Assuming compliance by the Tax Collector
of the preliminary requirements, a suit is filed on August 1,
1932, against the record holder or owner and all necessary
and proper parties as defendants asking for judgment for
the taxes for the years 1926-1927-1928 only and for a fore-
closure. This suit is brought to fruition in a final judg-
ment and following a regular order of sale, legal levy and
notice, the property is sold at public auction as required
by law and bid in by an individual who had had no previous
connection with the land or the suit. A regular sheriff's
deed is delivered to the purchaser following his payment
of his bid.

"QUESTION: (1) Assuming that the purchaser bid
and paid the full amount of the judgment, interest and
costs, are the taxes for the years other than 1926-1927-
1928 still a charge against the land?

Honorable F. A. Taylor, page 2

"(2) Assuming that the purchaser bid and paid an amount less than the amount of the judgment, interest and costs of court, are the taxes for the years other than 1926-1927-1928 still a charge against the land?

"(3) Assuming that the purchaser bid and paid an amount less than the amount of the judgment, interest and costs, and all taxes appearing on the Delinquent Tax Records of the County were included in the suit, would the fact that the Tax Assessor failed to place the property on the tax rolls for the years 1919-1920-1921-1922 place a charge against the property for those four years?"

For the purpose of this opinion, we assume that all the requisites for a valid sale were complied with prior to the effective date of Article 7345b. This act changes the law materially.

We answer your first question in the affirmative. In the case of State Mortgage Corporation v. State, 9 S.W. (2d) 271, a judgment had been rendered by the district court in favor of the State for the unpaid 1925 taxes on said property. The State Mortgage Corporation purchased such property at the sale for such taxes and received a deed from the sheriff. Subsequently, a suit was instituted for the unpaid taxes assessed against said property for the year 1926 and the years 1911 to 1916, inclusive. The Mortgage Corporation defended the second suit upon the ground that as the purchaser of the lot at sale made for 1925 taxes, it acquired same free from any lien for delinquent taxes for prior years, and that the lien of the State for taxes for such prior years were "wiped out" by its purchase, and the State had no lien for taxes on said property for the prior years. It appears from the petition, judgment, order of sale and sheriff's deed that the lien of the State for all other taxes was expressly "preserved" and that the sale for the 1925 taxes was made subject to all other taxes and the lien securing same. The Court of Civil Appeals of Texarkana said, in substance, that if the sale of the property for the 1925

Honorable F. A. Taylor, page 3

taxes had not been made subject to the lien of the State
and county for the taxes unpaid thereon for the years
prior to 1925, the mortgage corporation as purchaser
would have taken title free of the lien for unpaid taxes
for prior years.

In State Mortgage Corporation v. State,
17 S.W. (2d) 801, the Commission of Appeals, Section A,
in reforming the judgment of the Court of Civil Appeals,
said:

"In the Constitution (section 15, art. 8)
it is declared that 'the annual assessment made upon
landed property shall be a special lien thereon.'

"As early as 1876 a provision that 'all
taxes upon real property shall be a lien upon such
property until the same shall have been paid' (article
7172, Rev. St. 1925; Acts of 1876, p. 260, §22) got
into, and thereafter remained in the statutes.

". . .

"Article 7326 is a part of chapter 10, title
122, wherein duties are prescribed for various public
officers of such nature as that complete and diligent
performance will result in data sufficient (at a given
time) to disclose all taxes delinquent for any and all
years back to 1884, as in respect to taxes delinquent
for any and all years since 1908 the county attorney
is directed in terms of the article to bring suit —
a specific direction being that in a suit he shall
'include all lands * * * owned by the same person on
which delinquent taxes are due,' and which, for instant
purposes and in deference to argument made, we assume
means that the county attorney ought to include all tax
claims for each and every year then delinquent. As
immediate context of the direction just mentioned, it
is provided that, 'if through mistake, oversight or
otherwise any tax due on any land owned by the defendant
is omitted from such suit, such omission shall not be
any defense against the collection of the tax due and
sued for.' Expression of the direction itself and the
immediate context to which reference has just been made
was not in the statute prior to the 1923 amendment.

". . .

Honorable       A. Taylor, page 4

"In view of the constitutional provision
making each 'annual assessment' a 'special lien,' and
in view of the statutory provision (article 7172) that
the lien shall be 'upon the property until' the taxes
'shall have been paid,' there is great difficulty op-
posing preception of ground for saying that a sale
for one year has the effect of extinguishing the 'lien'
securing payment of tax liability accrued for a previous
year.  There are some holdings in the cases cited, never-
theless, to the effect that such a result may obtain.
Existence of those cases may well explain existence of
the precautionary language exacted by the 1923 amendment.
By the terms of article 7326, as construed by counsel
for plaintiff in error, it is made the duty of the county
attorney to sue for all delinquent taxes when he sues at
all.  But there is declaration that, if by his (or other's)
'mistake or oversight or, maybe, purpose' any tax due by
the defendant 'is omitted from such suit,' this shall not
'be any defense' therein.  Manifestly, such omission
could not be a 'defense' in any event, if it be true
that foreclosure and sale for one year's taxes might des-
troy the 'lien' for taxes delinquent for previous years.
The 'new' statute is tantamount, we think, to enactment
in terms inhibiting the result claimed and notifying
purchasers that they ought not suppose immunity to con-
tinuing effect of a 'special lien' of an unsatisfied
'annual assessment.'

"The 1926 judgment (for 1925 taxes) and sale
did not, in our opinion, affect the state's right sub-
sequently to enforce the liens for taxes delinquent for
years prior to 1925.

"That conclusion renders immaterial questions
concerning either the power to include in the 1926 decree
reservation of such prior liens or the sufficiency (in
points of certainty) of the reservation actually made."

We answer your second question in the affirma-
tive.  Since the sale for the full amount of the judgment,
interest and costs does not affect the State's right to subse-
quently enforce its lien for taxes delinquent for prior years,
then it could not be seriously contended that a sale for an
amount less than the amount of the judgment could have such
effect.

Honorable F. A. Taylor, page 5

Article 7326, Revised Civil Statutes, provides, in part, as follows:

". . . If there shall be no bidder for such land the county attorney, sheriff or other officer selling the same, shall bid said property off to the State for the amount of all taxes, penalty, interest and costs adjudged against such property, . . ."

We have been unable to find a case directly in point upon the effect of a sale to an outside bidder for less than the amount of the taxes, penalties, interest and costs, but Willis v. Martin, 85 S.W. (2d) 1085, holds void a sale to an outside bidder for less than the full amount of the taxes, penalties, interest and costs, where the State had bid such full amount. It would seem to be the policy of the State, acting through its named officers, to see that the property sold for the amount of taxes, penalties, interest and costs adjudged against such property. We seriously doubt the validity of a tax sale to a private person for less than the amount of taxes, penalties, interest and costs adjudged against the property sold, and we do not think such a private purchaser a "good faith purchaser", for he is presumed to know the law.

Answering your third question, we direct your attention to Willis v. Martin, supra, and to State Mortgage Corporation v. State, 17 S.W. (2d) 801, which holds:

"And, if for any year (at least since 1870) particular land should be overlooked by assessing authorities, it does not, for such year, escape the burdens and in due course will get on the rolls. See Chapter 9, title 122, Rev. St. 1925."

Article 7172, R. C. S., provides:

"All taxes upon real property shall be a lien upon such property until the same shall have been paid. And should the assessor fail to assess any real estate for any one or more years, the lien shall be good for every year that he should fail to assess for; and he may, in listing property for taxes any year thereafter, assess all the back taxes due thereon, according to the provisions of this title."

Honorable F. A. Taylor, page 6

Elaborate provisions are made in the statutes for enforcing and collecting such back taxes, but we cite only the lien statute above for we consider your question to deal mainly with the lien for such delinquent taxes. We conclude, therefore, in answer to your third question, that the failure of the assessor to place the property on the tax rolls for the years 1919 to 1922, inclusive, does not discharge the lien of the State for taxes for such years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Thos. B. Duggan, Jr.
              Assistant

TBD:AWM

APPROVED SEP 23 1942

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN